IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01590-BNB

DAVID WALTER CLAY,

Plaintiff,

v.

"REV." FARNSWORTH, Medical Supervisor, and
JOE PELLE, Sheriff, Boulder County,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 8 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, David Walter Clay, is a detainee at the Boulder County Jail. Mr. Clay initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 29, 2010. He filed a Complaint on July 6, 2010, asserting a cause of action under 42 U.S.C. § 1983 for an alleged violation of his constitutional rights. Mr. Clay has been granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee. The Court will construe the Complaint liberally because Mr. Clay is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint and has determined that it is deficient. Mr. Clay appears to assert an Eighth Amendment claim based on the denial of adequate medical care. However, Mr. Clay fails to allege facts that demonstrate how

Defendant Farnsworth or Defendant Pelle personally participated in the deprivation of Mr. Clay's constitutional rights.

Therefore, Mr. Clay will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Clay is advised that personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Clay must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the Boulder County Sheriff, may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

In order to state a claim in federal court, Mr. Clay "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, David Walter Clay, file **within thirty (30) days from the date of this Order,** an amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Clay, together with a

copy of this Order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Clay fails to file an amended complaint that complies with this Order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED August 18, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01590-BNB

David Walter Clay, Jr.
Prisoner No. 00115072
Boulder County Jail
3200 Airport Road
Boulder, CO 80301-2226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8|18|10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk