IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01590-BNB

DAVID WALTER CLAY,

    Plaintiff,

v.

NUMEROUS UNKNOWN BOULDER COUNTY JAIL MEDICAL STAFF,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE SECOND AND FINAL AMENDED COMPLAINT

Plaintiff, David Walter Clay, is a detainee at the Boulder County Jail. Mr. Clay initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on June 29, 2010. He filed *pro se* a Complaint on July 6, 2010, asserting a cause of action under 42 U.S.C. § 1983 for an alleged violation of his constitutional rights. Mr. Clay has been granted leave to proceed *in forma pauperis*.

On August 18, 2010, Magistrate Judge Boyd N. Boland ordered Plaintiff to file an amended complaint stating facts to demonstrate how the named defendants personally participated in the deprivation his constitutional rights. The Court warned Mr. Clay that personal participation by the defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Mr. Clay must therefore show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (liability under § 1983 requires an affirmative link

between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise). The Court further advised Plaintiff that in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Clay filed an amended complaint on September 1, 2010. The Court construes the amended complaint liberally because Mr. Clay is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Clay will be ordered to file a second and final amended complaint.

Mr. Clay asserts two duplicative claims for violation of his Eighth Amendment rights. He alleges that unidentified members of the Boulder County Jail medical staff acted with deliberate indifference to his serious medical needs and his safety. He states the medical staff routinely failed to deliver his medications and also failed to conduct blood draws necessary to monitor his medical conditions. Plaintiff further alleges that medical staff, including a "Ms. Farnsworth," revealed his medical condition to other inmates who pose a risk of substantial harm to him because of that knowledge. The amended complaint includes 121 pages of exhibits consisting of Mr. Clay's personal notes, letters and grievances, and other inmate letters.

2

Mr. Clay's amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The Court finds that the amended complaint is vague, repetitive, and unnecessarily verbose. Mr. Clay claims that he was denied adequate medical care for two medical conditions, but he fails to identify each medical condition. Further, his allegations concerning the medical care he was denied are vague. Moreover, Mr. Clay

3

has attached 122 pages of exhibits to his amended Complaint which he apparently expects the Court and the defendants to piece together with his asserted claim(s). That is not a judicial function, nor is it the responsibility of the defendants. It is Mr. Clay's job to present his claim(s) in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Clay must allege, simply and concisely, his specific claims for relief. In short, the text of the pleading itself must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Finally, Mr. Clay has named only unidentified individuals as defendants in the amended complaint. Plaintiff may use a fictitious name, such as "John or Jane Doe," if he does not know the real name of the individual who allegedly violated his rights. However, if Mr. Clay uses a fictitious name he must provide sufficient information about the defendant so that the defendant can be identified for purposes of service.

The Court notes that Plaintiff named "Farnsworth" as a defendant in the original Complaint, and makes an allegation against that individual in the text of his amended complaint, but does not sue Farnsworth in the case caption of the amended complaint. Plaintiff should clarify in the caption of the second amended complaint whether "Farnsworth" is a named defendant in this action.

Mr. Clay, therefore, will be directed to file a second amended complaint that states his claims clearly and concisely, is not repetitive, asserts what rights were

violated, and alleges specific facts demonstrating how each defendant personally participated in the asserted constitutional violations. See *Nasious*, 492 F.3d at 1163; *Bennett*, 545 F.2d at 1262-63. Accordingly, it is

ORDERED that Plaintiff file **within thirty (30) days from the date of this Order,** a second amended complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Clay, together with a copy of this Order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Clay fails to file a second amended complaint that complies with this Order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED September 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01590-BNB

David Walter Clay, Jr.
Prisoner No. 00115072
Boulder County Jail
3200 Airport Road
Boulder, CO 80301-2226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9/21/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk